Johnson v. Smock.

writ, " that there was no judgment in the said cause rendered in this court."

*Leake* showed cause. He insisted this was a judgment on which error would lie, and cited 3 *Blac., appen.* 3; a case also in this court, *Haines* v. *Wade, Sept.,* 1789 ; 1 *Brown's Parl. Cases* 411 ; *Newell* v. *Pidgeon,* 1 *Stra.* 235.

*Stockton* and *Howell* insisted that the writ was conditional, " *si judicium sit redditum.*" No judgment in the cause is rendered ; on the contrary, it stands at issue. Setting aside a report for misbehavior, is not a judgment in the cause, but a mere matter of proceeding ; they cited 1 *Vent.* 96.

---

[106]  JOHNSON v. SMOCK

A covenanted to convey to B a plantation, free of all encumbrances, for a sum of money, part of which was to be applied in discharge of a mortgage, and the residue paid to A before April, 1791; the deed was to be made to B before May, 1790. The deed was not tendered until after the time, and B waived the contract. Upon an action of debt being brought for the penalty, it was held that it is not necessary to perform a condition precedent, strictly with regard to time, but that if a tender of a deed be made after the time, and no good reason shown for a refusal, evidence of such performance is sufficient, but the making a deed is not enough : a title msut be shown. A tender of a deed may be made by an attorney by parol.

This was an action of debt, for the penalty of certain articles of agreement, in which the plaintiff covenanted with the defendant to convey to him a plantation, free and clear of all encumbrances, in consideration of £700. Of this sum, £680 was to be paid to one Ludlum, in discharge of a mort-

gage, as was said, and the residue to the plaintiff, on or before April, 1791. The deed was to be made before the 1st May, 1790. The action was tried at bar.

*Stockton*, for the defendant, insisted—

1st. That the plaintiff ought not to be permitted to prove the offer of a deed after the 1st May, 1790; that the right to ask the money depended on the making a title as a condition precedent. *Thorpe* v. *Thorpe*, 1 *Salk.* 171; *Jones* v. *Barkly*, *Doug.* 664; *Duke of St. Albans* v. *Shore*, 1 *H. Blac.* 270.

2d. That the tender and demand should be on the premises.

*Boudinot*, for plaintiff. The defendant took possession of the premises at making of the contract, and is yet in possession.

2d. The plaintiff is prepared. to prove that it was understood between the parties, that Smock was to pay the £680 to the mortgagee, before the 1st May, 1790, when the deed was to be made.

.3d. The deed was actually drawn on the day, and tendered to Smock in fifteen days after. On the second point he cited *Powell on Contracts* 380, to prove that dubious contracts may be explained.

To show that the words " *in consideratione premissorum*" did not make a condition precedent, he cited 1 *Esp.* 335; *Smith* v. *Shelberry*, 2 *Mod.* 35; *Martindale* v. *Fisher*, 1 *Wils.* 88.

*Aaron Ogden*, on same point, cited *Gilbert's Evid.* 197, 198. He said the first thing to be done was the payment of the [107] money to Ludlum; for he was to pay what was " now due," besides, a deed free of encumbrances could not be made until the mortgage was discharged. The intent of the parties is to be sought out. *Gilb. Evid.* 199, 200, and 1 *Salk.* 171, show that these words are not conditional.

KINSEY, C. J. The parol evidence is improper; the articles are explicit enough—that is, they afford a construction; and no mistake or fraud is suggested. I think upon the construction of this instrument, the deed was to be made by the first of May, 1790, that time is fixed; but none is limited for taking up the mortgage, and I do not see how we can say that the time for making the deed was to depend on Smock's discharging the mortgage. It is true, Johnson was to convey it, free of encumbrance; he could do this by paying off the mortgage himself; besides, this mortgage was no encumbrance, because it was assumed by Smock, himself; he knew it, and agreed to pay it. But another question arises. Is it necessary to perform a condition precedent strictly with respect to time? I think not. *Gibson* v. *Patterson*, 1 *Atk.* 12. If, therefore, a tender of a deed can be proved after the time, and no good reason for the refusal, it appears to me that evidence of such performance is sufficient.

SMITH, J., agreed with the Chief Justice.

CHETWOOD, J., dissented.—The deed ought to have been made within the time, as the giving it was a condition precedent. Chancery may dispense with time.

The plaintiff's witnesses proved that Smock took possession at the date of the contract, and left it in May, 1791, when he wrote a letter to Johnson, waiving the contract.

Arthur Breese, Esq., also proved that he, on behalf of plaintiff, tendered Smock a deed on the 25th May, 1790, at Freehold. He said he had no letter of attorney, nor did he recollect if the deed was acknowledged when he tendered it. Plaintiff rested his cause here.

*Stockton* contended—

1st. That Smock had a right to waive the contract.

[108] 2d. That a bare deed proved no title; the plaintiff should have shown his title. 1 *H. Black.* 270, before cited.

3d. That the tender was void; Breese had no legal authority to deliver the deed, which is the essential act.

*Aaron Ogden*—

1st. The contract was in part executed; Smock had possession—he could not waive it.

2d. The case in *Blackstone* is inapplicable; that was a covenant to make a title—this to make a deed; *prima facie* the title is in us; we had possession, and he held under Johnson.

3d. He insisted the delivery by Breese, under a parol authority from Johnson, was sufficient in law.

KINSEY, C. J.   As to the first point made by defendant's counsel, it is in substance what has been overruled; if the time is not material, then Smock could not waive the contract.

As to the third point, I think the delivery or tender sufficient. The second objection is of more consequence. On *nil debet*, which is pleaded here, the whole declaration is put in issue. Plaintiff agreed to make a conveyance, free of all encumbrances, (that is, as I understand it, excepting Ludlum's, which Smock was to pay.)

The true intent of a conveyance free of encumbrance, was to make a good title; a deed is only the mode.

The making a deed is surely not sufficient. The plaintiff should show he has a title; without this, his deed is insufficient; to be sure, he need not deduce an ejectment title; but he should show how he is seized. A *prima facie* title not liable to any colorable objection, should be laid before the court and jury; he must show a right. I should be unwilling to force £700 out of the defendant's pocket, upon the plaintiff's bare deed, without proof of his right to make it.

The objection is fatal. The plaintiff must be non-suit.

SMITH, J., and CHETWOOD, J., assented.

*Boudinot, Jun.*, said he had the title in court and could show it.

Den, ex dem. Chews, v. Driver et al.

[109] PER CUR. It is too late after judgment of non-suit. (a)

(a) The plaintiff might have refused to be non-suit, and proceeded in his evidence. 2 *Binn.* 234. It would seem contrary to right, too, that a party must be non-suit because he insists upon a case as sufficient, but the court thinking otherwise, he submits and is ready to prove his case accordingly ; a party would, on this principle, be punished for taking the opinion of the court on a point. It would seem that a party should be allowed to prove whatever the court determined he should have proved, and the cause proceed.—*Reporter.*